**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| NATASHA A.,[1]<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of the Social Security Administration*,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-CV-442 (RCY) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Natasha A. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title XVI application for Supplemental Security Income ("SSI"). On August 3, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 22). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court "reject the Magistrate Judge's R&R, reverse the claim, and award benefits," or alternatively remand for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objection and will adopt the Magistrate Judge's R&R in full.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has *properly* objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). If an objection is not timely filed or sufficiently specific, it is not considered proper, and a district judge reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005).

In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

Plaintiff "specifically objects to . . . the Magistrate Judge's [recommendation] that the decision of the Commissioner be affirmed." Pl.'s Obj. 2. Following this blanket, non-specific objection, Plaintiff presents argument directly pertaining to the ALJ's evaluation of the

persuasiveness of Plaintiff's treating physician, Dr. Kilfoil. Pl.'s Obj. 2–3. Plaintiff does not point to any errors in the Magistrate Judge's analysis or specifically object to aspects of the same;[2] rather, the Court must infer that Plaintiff simply objects to having not prevailed on this issue.

This objection rehashes one of Plaintiff's arguments from her motion for summary judgment: that "the ALJ did not offer much . . . in support of her claim that Dr. Kilfoil's assessment of [Plaintiff] was unpersuasive and inconsistent." Pl.'s Br. Supp. Mot. Summ. J. 10. *Compare id.*, *with* Pl.'s Obj. 2–4 (presenting a more in-depth version of the same argument). Again, Plaintiff makes no effort to couch the argument in terms of error on the part of the Magistrate Judge. *See generally* Pl.'s Obj. Plaintiff presents no actual claim of error; rather, she baldly states that she objects to the ultimate recommendation that the decision of the Commissioner be affirmed. *See id*. at 2.

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection and those aspects of the same argument presented in her Motion for Summary Judgment, the Court is not persuaded that the ALJ erred in finding Dr. Kilfoil's opinions not persuasive. The Court finds the R&R well-reasoned, supported by the record and applicable law, and consistent with this Court's *de novo* assessment. The Court thus will adopt the R&R in full.

As Magistrate Judge Speight explained, the ALJ, in finding that Dr. Kilfoil's conclusions were unpersuasive, "cited substantial evidence to support her assessment of the supportability and consistency factors throughout her decision." R. & R. 22–23 (citing R. at 28–30). Specifically, the ALJ noted instances where Dr. Kilfoil's treatment notes were "not entirely internally consistent," undermining the supportability of Dr. Kilfoil's ultimate opinions. *Id.* at 23 (citing R.

---

[2] Plaintiff does refer to and ask "that this Court carefully review the arguments set forth in Plaintiff's Statement of Specific Errors in addition to the arguments herein," Obj. 2, but it is unclear to what list of errors Plaintiff refers. Nothing is attached to the Objection, and no "Statement of Specific Errors" has been filed elsewhere in connection with the cross motions for summary judgment. Thus, the Court is unable to ascertain what "Statement" Plaintiff would have the Court "carefully review."

at 29). And the ALJ also supported her consistency determination with reference to her immediately preceding recitation of which record evidence she found consistent with respect to the state agency physicians' opinions. *Id.* (citing R. at 28–29). The Magistrate Judge properly noted that an "ALJ need not repeat pertinent findings multiple times throughout a ruling [to] support[] individual conclusions." *Id.* at 24 (quoting *John R. v. Kijakazi*, 2023 WL 262358, at *4 (E.D. Va. Mar. 29, 2023)).

As a result, even assuming Plaintiff properly and specifically objected to the R&R, the Court finds that the ALJ's conclusion with respect to the persuasiveness of Dr. Kilfoil's opinion was reached by application of the correct legal standards and supported by properly articulated substantial evidence.

## III. CONCLUSION

Having reviewed the record *de novo*, the Court will overrule Plaintiff's objection to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 28, 2026
Richmond, Virginia